IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>DAMIEN GRIFFIN,<br><br>　　　　　　　　　　Defendant. | 1:05-CR-485-WSD |

**OPINION AND ORDER**

This matter is before the Court on Defendant Damien Griffin's ("Defendant") Motion to Withdraw Guilty Plea. ("Mot. to Withdraw" [120].)

**I.　FACTUAL BACKGROUND**

On May 2, 2006, Defendant pled guilty to conspiracy to possess with intent to distribute cocaine and marijuana. (First Superceding Indictment [27].) On July 20, 2006, this Court sentenced Defendant to 121 months imprisonment, 60 months supervised release, and a $100 special assessment. (Judgment [115].) On July 24, 2006,[1] Griffin filed his pro se motion to withdraw his guilty plea, summarily

---

[1] Defendant's motion was actually filed with the Court on July 25, 2006. (Mot. to Withdraw [120].) The government, however, conceded that pursuant to the mailbox rule, the motion should be deemed filed on July 24, 2006, the date Defendant signed the motion. (Gov't Resp. to Mot. to Withdraw [122], at 2 n.1); see also Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001)

alleging that errors were made in the plea and sentencing.  (Mot. to Withdraw [120].)  Defendant also filed a notice of appeal of his sentence.  (Notice of Appeal [118].)

## II.   DISCUSSION

The Defendant seeks to withdraw his Guilty Plea generally claiming that errors were made in the Plea and Sentencing.  (Mot. to Withdraw.)  Defendant also asks the Court to appoint Counsel for him in this matter and that a hearing be set on his withdrawal request.  (Id.)  A motion to withdraw a guilty plea is generally left to the sound discretion of the court when the motion is made prior to imposition of sentence.  Motions made after sentencing to withdraw a guilty plea are expressly prohibited by Rule 11(e) of the Federal Rules of Criminal Procedure.  Rule 11(e) provides:

> (e) Finality of a Guilty or Nolo Contendere Plea.  After the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack.

---

("Under the mailbox rule, the burden is on prison authorities to prove the date a prisoner delivered his documents to be mailed.  Absent evidence to the contrary . . ., [courts] will assume that [a defendant's] motion was delivered to prison authorities the day he signed it . . . .").

Fed. R. Crim. P. 11(e); see also United States v. Brown, 156 Fed. Appx. 209, 211 n.1 (11th Cir. 2005) ("Rule 11 prohibits a defendant from withdrawing a guilty plea after a sentencing."). Rule 11(e) is clear that Defendant may not withdraw his guilty plea after sentencing.

Defendant was sentenced on July 20, 2006, and he filed his motion to withdraw his guilty plea on July 24, 2006. Because Defendant's guilty plea may only be set aside on direct appeal or collateral attack, Defendant's Motion to Withdraw and for appointment of counsel in connection with his withdrawal motion is **DENIED**.

**SO ORDERED** this 11th day of September, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE